**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4368**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUCAS REYES HERNANDEZ,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:13-cr-00013-FDW-1)

Submitted: January 28, 2015      Decided: February 6, 2015

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ross Richardson, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lucas Reyes Hernandez appeals his sentence following a guilty plea to illegal reentry after having been deported subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced him to a forty-six month term of imprisonment. Hernandez argues that the district court's denial of his request for a downward variance was based upon clearly erroneous factual findings and that the sentence imposed is substantively unreasonable. We affirm.

In resolving a challenge to a defendant's sentence, we begin by determining whether "the district court committed [a] significant procedural error, such as . . . selecting a sentence based on clearly erroneous facts." Gall v. United States, 552 U.S. 38, 51 (2007). In denying Hernandez's request for a downward variance, the district court stated that Hernandez could have been charged with a drug offense in federal court despite having been convicted of a similar offense in state court. Hernandez argues Justice Department policy does not permit federal prosecutors to bring charges based on conduct that has already been prosecuted in state court unless the state prosecution leaves "a substantial federal interest . . . demonstrably unvindicated." U.S. Att'ys' Manual § 9-2.031(A) (2009). However, the record does not indicate whether

2

Hernandez's state prosecution involved drug quantities such that his state sentence left a substantial federal interest demonstrably unvindicated. Moreover, the district court stated several other reasons for denying a variance. Therefore, we conclude that the district court did not select its sentence based on clearly erroneous facts and a significant procedural error did not result.

Finding no procedural error, we review the district court's sentence for substantive reasonableness. Gall, 552 U.S. at 51. We conduct this review under a "deferential abuse-of-discretion standard," considering "the totality of the circumstances." Id. at 41, 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). We find that Hernandez has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED